THE LAW OFFICES OF

# VINCENT J. MARTINELLI

ATTORNEY AND COUNSELOR AT LAW

*Executive Suites at The Park*
900 SOUTH AVENUE – 3rd FLOOR
STATEN ISLAND, NY 10314
TELEPHONE: (718) 667-0500
VJMLAW@si.rr.com

ADMITTED IN NEW YORK
AND NEW JERSEY

March 17, 2021

**Via Email: Roberta_Houlton@nyep.uscourts.gov**

Roberta Houlton
United States Probation Officer
147 Pierrepont Street
Brooklyn, NY 11201

<u>Re:</u>    <u>United States v. Vincent Scura</u>
19-CR-442-S1 (BMC)

Dear Probation Officer Houlton:

Kindly accept this letter as defendant Vincent Scura's objections to the PSR forwarded to me on March 4, 2021.

<u>Guidelines Analysis</u>

Paragraphs 84-93, 124, and 128 should be amended to reflect a minor role in the offense that was bargained for as part of the plea agreement entered into with the government under USSG § 3B1.2(b).  Application Note 5 of USSG § 3B1.2 states that the minor role adjustment applies to a defendant described in Application Note 3(A)[1] and who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  Further, the determination of whether to apply a 4-point reduction for a minimal role, a 2-point reduction for a minor role, or a 3-point reduction for some role in-between is a "fact-based determination" and the fact that a defendant performs an essential or indispensable role in the criminal activity "is not determinative" on whether a reduction (2, 3 or 4 points) applies. *See* Application Note 3(C) of USSG § 3B1.2.  The government is in a unique position to make a "fact based determination' of the defendant's mitigating role in the offense and has bargained for same in its plea agreement with counsel.

---

[1] Section 3(A) describes how the mitigating role analysis generally provides for "a range of adjustments for a defendant who plays a part in committing an offense that makes him substantially less culpable than the average participant in the criminal activity."

Further, any plain reading of paragraphs 35-40 of the PSR would show that when John Doe # 14 fell behind in making payments to an "Individual" (not listed in this case) whom had previously lent John Doe #14 $5,000, Mr. Scura's only involvement in the present crime was to help John # 14 pay off *that* loan by "reaching out to" a co-defendant for "reduced rates". In other words, according to the PSR, itself, Mr. Scura simply asked a co-defendant to pay-off John Doe #14's loan to another Individual and that Scura's sole purpose in doing so was to get John Doe #14 a better rate of interest.

Paragraph 136 should be incorporated as part of the Guidelines analysis contained in paragraphs 84-93, 124 and 128 and not as a stand-alone additional analysis that *may* warrant departure. All of the elements of the plea agreement calculation have been met prior to October 31, 2020 and long before the preparation of the PSR. Thus, the adjusted final offense level should be Level 14, with a Guidelines range of 15-21 months *prior to* incorporating sections "E" and "F" of the PSR.

Section *"E. Factors That May Warrant Departure"* and section *"F. Factors That May Warrant a Sentence Outside the Advisory Guidelines System"* should reflect the fact that, although this is currently the probation department's position based on its analysis, to date, that their position may change after those issues are briefed by counsel for the defendant and counsel for the government in their respective sentence memoranda.

<u>Other Objections</u>

Paragraph 18 and 79 should strike reference to Mr. Scura being an inducted member of the Colombo family. Mr. Scura was not charged with any racketeering offense and, as such, any mention of a racketeering structure toward him would be overly prejudicial.

Similarly, paragraphs 5-34 and 41-77 should be stricken in their entirety as overly prejudicial and wholly unnecessary to "create context to the court" as to the count of conviction and any relevant conduct related thereto. This is especially so considering that Mr. Scura's plea agreement entered into with the government provides for a minor role adjustment, as mentioned above.

Paragraph 99 should be amended to incorporate that although probation has not yet received dispositive information from the District of New Jersey regarding the listed case, that the arrest-complaint was, in fact, eventually dismissed by the court on motion by the government on November 27, 2007 without a plea or indictment. And that the defendant was informed by his lawyer at the time, Michael Rosen, Esq. (now deceased) of the dismissal; and that but not for the dismissal, Mr. Scura was fully prepared to contest his purported guilt based on actual innocence.

Please call if you have any questions or concerns.


Very truly yours,

*Vincent Martinelli*

Vincent J. Martinelli


VJM/meb

CC:     AUSA Elizabeth Geddes (via Email and ECF)
        The Honorable Brian M. Cogan, USDJ (via ECF)